Robert SALEM, Plaintiff—Appellant,

v.

Cal A. TERHUNE; Yvone Keigher; Valerie Hicks; James Moreno; Brian Kingston; Ray Castro; David L. Runnels; G A Gilkes; Debbie Kincaid; Helen Green, Defendants—Appellees.

No. 02–16103.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 14, 2003.

Decided Aug. 12, 2003.

Before: HAWKINS and W. FLETCHER, Circuit Judges, and KING,* Senior District Judge.

MEMORANDUM **

Salem filed a First Amendment employment retaliation suit. To prevail on such a claim, he must show that he engaged in a protected activity, that his employer took adverse employment actions against him, and that his protected activity was a substantial or motivating factor for the adverse employment actions. *See Coszalter v. City of Salem*, 320 F.3d 968, 973 (9th

---

* The Honorable Samuel P. King, Senior District Judge for Hawaii, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Cir.2003).\*\*\* The district court granted summary judgment to the defendants.

■ In early 1999, Salem complained to Cal–OSHA about safety conditions at the prison where he worked. In *Coszalter,* we held that complaints to state OSHA agencies can be protected speech. *See id.* at 974. California has not submitted any evidence to show that Salem's complaint to Cal–OSHA should not be considered protected speech.

Salem has alleged that his employers took many adverse employment actions against him. Some of these alleged actions took place more than one year before he filed his suit and are therefore time-barred. Because the alleged actions are discrete acts of retaliation, he cannot avail himself of any "continuing violations" theory to pursue otherwise time-barred claims. *See National R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 113–14, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002).

■ Salem has alleged, however, at least some instances of retaliation for which a suit is not time-barred. He has alleged the following acts that took place after August 11, 1999:

(1) he was subjected to an investigation based on false charges of post abandonment;

(2) he was berated by supervisors;

(3) he was forced to change jobs; and

(4) his appointment as Acting Correctional Counselor was rescinded.

"The denial of even a 'trivial' benefit may form the basis for a First Amendment claim where the aim is to punish protected speech." *Ulrich v. City and County of San Francisco,* 308 F.3d 968, 977 (9th Cir.2002). An adverse employment action is one that is reasonably likely to deter protected speech. *See Coszalter,* 320 F.3d at 975–77. A jury could find that the alleged acts taken against Salem were reasonably likely to deter speech.

■ The proximity in time between protected speech and adverse actions can provide a basis for a jury to conclude that retaliation was the substantial or motivating factor behind the actions. *See id.* at 977–78. When the plaintiff offers no other evidence that retaliation was the substantial or motivating factor, the temporal proximity must be close. *See Clark County Sch. Dist. v. Breeden,* 532 U.S. 268, 273–74, 121 S.Ct. 1508, 149 L.Ed.2d 509 (2001). But we have held that even when an alleged adverse employment action takes place several months after an employee's protected activity, the temporal proximity is enough to support an inference of retaliation and thus to survive summary judgment. *See Coszalter,* 320 F.3d at 977 (holding that "three to eight months is easily within a time range that can support an inference of retaliation"); *Allen v. Iranon,* 283 F.3d 1070, 1078 (9th Cir.2002) (holding that an eleven-month gap can support an inference).

Salem first contacted Cal–OSHA in February 1999, and he spoke to Cal–OSHA again in May 1999 during its investigation of the prison. The four instances of alleged retaliation described above took place between August and October 1999. The temporal proximity between Salem's speech and the alleged adverse employment actions is enough to survive summary judgment.

On appeal, Salem argues that, in addition to his § 1983 claim based on a violation of his First Amendment rights, his complaint also included a separate claim under the Uniformed Services Employ-

---

\*\*\* Our *Coszalter* ruling, which controls many of the issues on this appeal, was not decided until after the district court had issued its ruling in this case.

ment and Reemployment Rights Act, 38 U.S.C. § 4301 *et seq.* Even construing his complaint liberally, we cannot read it as alleging such a claim.

AFFIRMED in part, REVERSED in part, and REMANDED.

Appellant Salem is awarded costs on appeal.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.